IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHAYA FLEMING and
CATRECE Y. MOSLEY

    Plaintiffs,

                                            Case No.: 15-cv-548-DRH-DGW

v.

CITY OF EAST ST. LOUIS

    Defendant.

## INTRODUCTION

**HERNDON, District Judge:**

This matter comes before the Court on defendant, City of East St. Louis, Illinois' ("East St. Louis"), motion to dismiss and memorandum in support thereof (Doc. 7). East St. Louis seeks dismissal of the above captioned action under Rule 12(b)(6) on the grounds that (1) the suit is duplicative, (2) the suit is barred by the prohibition against claim splitting, and (3) the suit fails to state a Section 1983 claim (Docs. 7,8). The plaintiffs, Chaya Fleming and Catrece Mosley, have responded (Doc. 14). For the reasons discussed below, the motion is **DENIED.** Plaintiffs are **ALLOWED** until December 9, 2015, to file a First Amended Complaint.

## BACKGROUND

On May 14, 2015, plaintiffs filed the present civil action against East St. Louis alleging violations of rights to privacy and expectations of privacy under the Fourth Amendment. Specifically, the plaintiffs allege that during a May 2013 random drug test they were forced to urinate in front of a contractual employee of East St. Louis.

Also pending in this district is a separate civil action filed by plaintiff Catrece Mosley on August 20, 2012 (*Mosley v. City of East St. Louis* 3:12-cv-00925-PMF Doc. 1) ("Mosley's 2012 Action"). The operative complaint in Mosley's 2012 Action was filed on March 20, 2014 (Doc. 41) ("Third Amended Complaint"). The Third Amended Complaint, directed against East St. Louis (Counts I, II, and III) and Julius Young (Mosley's supervisor) (Count II), alleges claims for hostile work environment (Count I), intentional infliction of emotional distress (Count II), and retaliation (Count III).

The retaliation claim (Count III directed against East St. Louis) alleges, *inter alia*, that on May 30, 2013, East St. Louis fired Mosley for purportedly testing positive for cannabis (3:12-cv-00925-PMF Doc. 41 ¶ 31). Mosley further alleges that the alleged positive cannabis test was (1) the result of improper test procedure and improper handling of the sample and (2) being utilized to retaliate against Mosley for her prior complaints regarding sexual harassment (3:12-cv-00925-PMF Doc. 41 ¶ 31).

## ANALYSIS

**Mosley's Action is Not Duplicative**

East St. Louis argues the above captioned action should be dismissed, as to Mosley, because it is duplicative of Mosley's 2012 Action. In particular, East St. Louis notes the retaliation claim in Mosley's 2012 Action asserts Mosley was wrongly terminated due to the improper handling of a urinalysis in May of 2013.

"As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quotation and citations omitted). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* (quotations and citations omitted).

Although both of Mosley's actions involve a May 2013 urinalysis and the alleged wrongful termination of Mosley, the Court is not convinced, at this stage in the litigation, that the claims are duplicative. Mosley's 2012 Action is predicated on the alleged sexual harassment of Mosley (occurring between December of 2007 and early 2011). Mosley contends she complained about the alleged sexual harassment and suffered resultant retaliation. According to Mosley, a May 2013 urinalysis, which was improperly administered and handled, was used as a

pretext to wrongfully terminate her in retaliation for complaining about the alleged sexual harassment. The above captioned case alleges that in May 2013 Mosley was forced to undergo a urinalysis in front of a contractual employee of East St. Louis in violation of the Fourth Amendment and of § 1983.

Comparing the above allegations does not demonstrate the two suits are duplicative. The present lawsuit is predicated on the alleged violation of a constitutional right stemming from a custom or policy followed by East St. Louis. There is no indication that this suit is predicated on the sexual harassment or retaliation Mosley allegedly endured and that is the basis for Mosley's 2012 Action. Further, the alleged violation of Mosley's privacy in the instant suit does not necessarily relate to the improper administration or mishandling of the urinalysis that is alleged in Mosley's 2012 Action.

Accordingly, the motion to dismiss Mosley's claim as duplicative is **DENIED**.

**Claim Splitting Does Not Require Dismissal of Mosley's Action**

East St. Louis also contends the doctrine of claim splitting bars Mosley's claim in the above captioned action. Claim splitting bars a party from maintaining a suit that arises from the transaction or events underlying a previous suit simply by changing their legal theory. *See Carr v. Tillery*, 591 F.3d 909, 913–14 (7th Cir. 2010); *see also Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) ("This case is a quintessential example of claimsplitting in duplicative lawsuits, a

litigation tactic that the *res judicata* doctrine is meant to prevent."). Unlike traditional claim preclusion, however, the bar against claim splitting can be applied before either action reaches a final judgment on the merits. *See Trading Tech. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3157304, at *3 (N.D.Ill. July 26, 2011) (Kendall, J.) ("The prohibition against claim splitting is application of familiar claim preclusion principles to two actions that are pending simultaneously but neither has reached final judgment.") (*citing* CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 4406 (2d ed.2011)).

For the reasons discussed above, the Court is not presently convinced that the two suits arise from the same transactional occurrence. Accordingly, the motion to dismiss Mosley's claim on this basis is **DENIED**.

**Failure to State a Section 1983 Claim**

When evaluating a motion to dismiss under Rule 12(b)(6), all factual allegations in the complaint are taken as true, and all reasonable inferences derived from the factual allegations are drawn in favor of the plaintiff. *White v. Marshall & Ilsley Corp.*, 714 F.3d 980, 985 (7th Cir. 2013) (citation omitted). Although a plaintiff need not assert detailed factual allegations in the complaint, such factual allegations must satisfy a threshold of facial plausibility, allowing the court to draw a reasonable inference that the defendant is in fact liable for the misconduct alleged by the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

To recover under § 1983, the plaintiffs must establish that: (1) defendants acted under color of state law, (2) that their actions resulted in a deprivation of the plaintiffs constitutional rights and (3) that the action of the defendants proximately caused the constitutional violation. *See Board of regents of State Colleges v. Roth,* 408 U.S. 564 (1972).

A municipality is held liable as a "person" within the meaning of § 1983 if a municipal "policy or custom" is the cause of the constitutional violation. *See Monell v. Dept. of Social Services,* 436 U.S. 658, 694 (1978) ("*Monell* claim"). *See also Lenco v. City of Chicago,* 286 F.3d 994, 998 (7th Cir. 2002) (to plead a municipal liability claim a plaintiff must allege "(1) he suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the City; which (3) was the proximate cause of his injury."). Further, to establish a *Monell* claim, a plaintiff must demonstrate that the municipality was the "moving force" behind the injury alleged. *Bd. of Cnty. Commis of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 404 (1997). With respect to this requirement, the Seventh Circuit has held that a plaintiff "does not need to plead facts 'demonstrating that the City was the moving force behind the alleged [misconduct].'" (noting that under Federal Rule of Civil Procedure 9(b), malice, intent, knowledge and related conditions of the mind may be averred generally).

East St. Louis contends the plaintiffs' complaint is subject to dismissal because plaintiffs fail to adequately allege a policy or custom as required under *Monell.* In response, the plaintiffs contend the alleged constitutional violation was the result of a custom or policy followed by East St. Louis and request leave to file a First Amended Complaint setting forth their policy allegations in greater detail.

Upon review of the relevant pleadings and authority, the Court orders as follows:

The motion to dismiss for failure to state a claim under § 1983 is **DENIED.** The request for leave to file a First Amended Complaint is **GRANTED.** Plaintiffs are **DIRECTED** to file a First Amended Complaint setting forth, in greater detail, the city policy referenced in their response. Plaintiffs are **ALLOWED** until December 9, 2015, to file the First Amended Complaint.

## CONCLUSION

For the reasons discussed herein, East St. Louis' motion to dismiss (Doc. 7) is **DENIED.** The request for leave to file a First Amended Complaint is **GRANTED.** Plaintiffs are **DIRECTED** to file a First Amended Complaint setting forth, in greater detail, the city policy referenced in their response. Plaintiffs are

**ALLOWED** until December 9, 2015, to file the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED:   November 9, 2015**

Digitally signed by Judge David R. Herndon
Date: 2015.11.09 11:41:05 -06'00'

**United States District Judge**